UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JESSICA ROBINSON** | **CIVIL ACTION NO.** _____ |
| **Plaintiff** | **JUDGE** _____ |
| V | |
| **RICKY MOSES, SHERIFF OF BEAUREGARD PARISH, and BEAUREGARD PARISH SHERIFF'S DEPUTY EDWARD PROPST** | **MAG. JUDGE** _____ |
| **Defendants** | **JURY TRIAL DEMANDED** |

## COMPLAINT

The Complaint of JESSICA ROBINSON a person of the full age of majority who herein respectfully shows:

### JURISDICTION and VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331(Federal Question) and 28 U.S.C. §1343 (Civil rights). Plaintiff invokes the supplemental jurisdiction of the court to hear and decide plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. §1367 (a).

2. Venue is proper under 28 U.S.C. §1391 (b) as the Defendants are located, and the events giving rise to Plaintiff's claims occurred within the boundaries of this judicial district.

### PARTIES

Plaintiff herein is:

3. JESSICA ROBINSON, a resident and domiciliary of Lake Charles, Louisiana, and a

1

citizen of the United States of America.

Made defendants herein are:

4. RICKY L. MOSES (hereinafter, sometimes referred to as SHERIFF MOSES), Sheriff of Beauregard Parish, State of Louisiana, the governing authority, and decision maker for the BEAUREAGRD PARISH SHERIFF'S OFFICE, who, pursuant to the policy, custom and usage, deprived Plaintiff of her rights secured by the United States Constitution in violation of 42 U.S.C. § 1983. He is being sued in his individual capacity and in his official capacity as the Sheriff of Beauregard Parish pursuant to 42 U.S.C §1983. SHERIFF MOSES is also being sued pursuant to the doctrine of respondeat superior on the pendant State Law Claims. At all times pertinent herein, SHERIFF MOSES was the employer of DEPUTY EDWARD PROPST. SHERIFF MOSES is a citizen of the State of Louisiana and the United States of America. Upon information and belief, he is a resident of Beauregard Parish, Louisiana, and can be served at 412 Bolivar Bishop Dr. DeRidder, La 70634 and;

5. DEPUTY EDWARD PROPST (hereinafter, sometimes referred to as DEPUTY PROPST or PROPST), a sheriff's deputy with the BEAUREGARD PARISH SHERIFF'S OFFICE, who, at the times of the occurrence described herein, was employed as a law enforcement officer and/or animal control officer for SHERIFF MOSES and the BEAUREGARD PARISH SHERIFF'S OFFICE and acting within the course and scope of his employment for purposes of State Law, and under color of Law for purposes of Federal Law. DEPUTY PROPST is a citizen of the State of Louisiana and the United States of America. He is being sued in his individual capacity and in his official capacity as a BEAUREGARD PARISH SHERIFF's deputy. Upon information and belief, he is domiciled in Beauregard Parish, Louisiana, and can be served through

2

the Sheriff, Ricky Moses, at 412 Bolivar Bishop Dr. DeRidder, La 70634.

## INTRODUCTION

6. This is an action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's Fourth and Fourteenth Amendment rights as secured by the United States Constitution as well as to assert other State Law claims as is more particularly set forth in further detail below.

7. At all times relevant hereto and in all actions described herein, Defendants, SHERIFF MOSES and DEPUTY PROPST acted under color of law and under the color of the laws, statutes, ordinances, regulations, policies customs and usages of the State of Louisiana, and its political subdivisions.

8. At all times relevant hereto and in all actions described herein, Defendant, DEPUTY PROPST acted within the course and scope of his employment as a deputy sheriff with the Beauregard Parish Sheriff's Office, more particularly, as a Deputy to SHERIFF MOSES.

## FACTS

9. According to documents provided to Plaintiff pursuant to the Freedom of Information Act, "the FOIA documents", on or about August 3, 2016, Beauregard Parish Sheriff's Deputies Tony Deville and Randall Anderson were dispatched to 214 White Oak Road, Ragley, Louisiana, in response to a purported dogs-at-large complaint.

10. Plaintiff's dogs: Bot, Gator, Suzy, Akiya, Pyper and her six puppies were owned and cared for by the Plaintiff, JESSICA ROBINSON and resided with her at 214 White Oak Road, Ragley, Louisiana.

11. Upon information and belief, Deputies Deville and Anderson were dispatched

3

following a call from a neighbor who alleged that her daughter, while riding her bicycle, had been chased by two (2) dogs.

12. Upon information and belief, upon Deputies Deville's and Anderson's arrival at the property, they saw two adult dogs and one puppy loose in front of plaintiff's residence. They also saw three adult pit pulls and 1 puppy inside plaintiff's fenced yard. Plaintiff was not present at the residence. According to FOIA responsive documents, Deputies Tony Deville and Randall Anderson arrived at the residence at 4:09 p.m. and requested DEPUTY EDWARD PROPST with Beauregard Parish Animal Control to come assist in capturing the dogs

13.. The deputies took no action and waited at the scene until Deputy Ed Propst arrived one (1) hour and seventeen minutes later.

14. One (1) hour and seventeen minutes later, Defendant, DEPUTY PROPST arrived on the scene, and without incident, captured Gator and Bot and one puppy. Deputy Randall further advised DEPUTY PROPST to take the remaining dogs that were located behind the fence so they wouldn't have to come back if there was another call.

15. Deputy Anderson approached the fence and Akiya barked to protect her property. DEPUTY PROPST was at the closed gate where Pyper was barking to protect her property and her puppies.

16. Deputy Anderson asked DEPUTY PROPST if he had a catch pole, to which he replied that he did, but DEPTUTY PROPST decided not to use this or some other non-lethal method and instead chose to load a .22 caliber pistol and shot both dogs. Upon information and belief, DEPUTY PROPST fired his gun a total of seven (7) times.

17. The gunshots struck Pyper and Akiya who then ran inside plaintiff's travel trailer

4

droping blood throughout.

18. Upon information and belief, Pyper and Akiya were both inside the fence within the deputies' eyesight when they were shot and thus, the deputies were not in any danger of receiving physical harm.

19. Thereafter, DEPUTY PROPST entered plaintiff's residence and retrieved the deceased dogs.

20. DEPUTY PROPST then loaded the deceased dogs into the back of his unit, and seized the remaining five puppies and transported them to the humane society.

21. Thereafter, Plaintiff's neighbor called to inform her that animal control had been called out to her house.

22. Upon returning to her residence, Plaintiff found blood throughout the inside of her home and all of her dogs missing. Upon learning of their whereabouts, she was ultimately able to retrieve Gator, Bot and Pyper's puppies, but the humane society would not release the remains of Pyper and Akiya. Ultimately, the puppies did not survive without their mother.

23. There was no justifiable cause for DEPUTY PROPST to discharge his firearm or use deadly force upon Pyper or Akiya.

24. DEPUTY PROPST could have employed non-lethal methods to gain control of the dogs rather than shooting them, but he neither attempted nor exhausted the same.

25. The dogs had not bitten or attacked anyone on the date of the incident in question and had never bitten or attacked anyone in the past.

26. Plaintiff had once been ticketed for dogs-at-large in the past and complied with Animal Control's request to install a fence.

27. The dogs were located on the private, enclosed, property where plaintiff resided when they were shot.

28. DEPUTY PROPST knew that he was responding to a dogs-at-large call and was not surprised by the dogs' presence.

29. Plaintiff's property was damaged by an intentional act at the hands of DEPUTY PROPST.

30. Upon information and belief, the Beauregard Parish Sheriff's Office and its decision maker, SHERIFF RICKY MOSES, with deliberate indifference, gross negligence, and reckless disregard to the rights of the Plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to) subjecting citizens to unreasonable seizures by sanctioning or allowing his Deputies to use lethal force against pets unjustifiably and by failing to adequately train, supervise, and equip employee- responders to properly handle dog/animal encounters.

31. DEPUTY PROPST acted unreasonably under the circumstances by resorting to lethal force when the same was unnecessary under the circumstances, and when he had not first attempted to use non-lethal force in capturing the dogs, and for entering upon Plaintiff's property without probable cause and effectively seizing and damaging her property without probable cause by taking the young puppies, and shooting and killing Pyper and Akiya.

32. Upon information and belief, SHERIFF RICKY MOSES, as decision and policy-maker for the Beauregard Parish Sheriff's Office, maintains a policy, practice, or custom of sanctioning its deputies using lethal force against dogs/animals when the same is not justified under the law.

33. Upon information and belief, SHERIFF RICKY MOSES, as decision and policy-maker

for the Beauregard Parish Sheriff's Office, maintained a policy, practice, or custom of failing to train or failing to adequately train its officers regarding use of non-lethal force with respect to dog/animal encounters, the use of force continuum as to dogs/animals and handling dog/animal encounters.

34. DEPUTY PROPST's unreasonable action is wholly or partially a result of the Defendant, SHERIFF MOSES, as decision and policy-maker for the Beauregard Parish Sheriff's Office, for maintaining, enforcing, tolerating, permitting, and applying policies, practices, or customs and usages policies that subject citizens to unreasonable seizures by sanctioning or allowing DEPUTY PROPST to use lethal force against pets unjustifiably and by failing to adequately train, supervise, and equip DEPUTY PROPST to properly handle dog/animal encounters, to handle said encounters using non-lethal means, and in the use of force continuum, particularly as it pertains to dog/animal encounters.

## DAMAGES

35. Plaintiff, JESSICA ROBINSON suffered and continues to suffer from mental and emotional distress caused by the intentional actions of the defendants. Plaintiff itemizes his damages in the following particulars, to-wit:

(A) Loss of property;

(B) Loss of sense of security and trust for law enforcement;

(C) Past, present, and future medical expenses;

(D) Past, present, and future mental and emotional pain, anguish, and distress;

## CLAIMS FOR RELIEF

### COUNT I- 42 U.S.C. §1983
### Fourth Amendment- Illegal Seizure

7

36. Each of the foregoing paragraphs is incorporated as if restated fully herein.

37. The killing of a family pet by law enforcement officers constitutes a seizure and is subject to the provisions of the Fourth Amendment to the Constitution of the United States.

38. The foregoing wrongful acts of the defendants (unjustifiably entering onto and into Plaintiff's home, shooting plaintiff's dogs, and seizing her puppies), committed while acting under color of State law, resulted in the death of Piper and Akiya, and a violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

39. DEPUTY PROPST's actions in killing Pyper and Akiya were unreasonable and in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

40. As a direct and proximate result of DEPUTY PROPST's illegal seizure, and the other wrongful acts of the defendant, SHERIFF MOSES, operator and policy maker of the Beauregard Parish Sheriff's Office, Plaintiff suffered injury, including emotional anguish, pain, suffering, fear, apprehension, depression, anxiety, loss of enjoyment of life, veterinary expenses, the loss of her beloved dogs, Pyper and Akiya, (the former being the mother of the young puppies) and their companionship, and stress/worry about the young puppies being without their mother. Plaintiff also suffered a loss of sense of security and trust in law enforcement.

41. It was unreasonable for DEPUTY PROPST to enter upon Plaintiff's property without probable cause, to use lethal means against the dogs, particularly while he was on private property and not in imminent physical danger, and, in any event, to not first attempt to use non-lethal methods to gain control of the dogs.

42. The acts of DEPUTY PROPST were intentional, wanton, malicious, oppressive,

8

reckless, outrageous, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of <u>punitive damages</u> against defendant PROPST.

43. Upon information and belief, the Beauregard Parish Sheriff's Office and its decision maker, RICKY MOSES, with deliberate indifference, gross negligence, and reckless disregard to the rights of the plaintiff, and all persons similarly situated, maintained, enforced, tolerated, permitted, and applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property by sanctioning or allowing DEPUTY PROBST and other Deputies to use lethal force against pets unjustifiably and failing to adequately train, supervise, and equip employees to properly handle dog/animal encounters.

44. As a result of Defendant SHERIFF MOSES's unlawful actions and infringements of Plaintiff's protected rights, Plaintiff has been compelled to retain counsel in this matter and is therefore entitled to a recovery of attorneys' fees and legal costs pursuant to 42 U.S.C. 1988.

**COUNT II- 42 U.S.C. Sec 1983**
**Fourth Amendment violation- Monell Claims (against Sheriff Ricky Moses)**

45. Each of the foregoing paragraphs is incorporated as if fully restated herein.

46. As described in the proceeding paragraphs, the conduct of the defendant PROPST, acting under color of law, by entering onto Plaintiff's property without probable cause, shooting plaintiff's dogs and thereafter entering into Plaintiff's residence, and seizing young puppies without probable cause, constituted a search and seizure in violation of the United States Constitution.

47. The misconduct described was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

48. The misconduct described was undertaken with malice, willfulness, and reckless

indifference to the rights of others.

49. The misconduct described was undertaken pursuant to a policy and practice of SHERIFF RICKY MOSES through the Beauregard Parish Sheriff's Department in that:

a. Defendant, SHERIFF MOSES, is charged with duties including the promulgation and adoption of rules and regulations and general and special orders for the governance of the Beauregard Parish Sheriff's Office and including the policies, procedures and practices that apply to the situation complained of herein;

b. SHERIFF MOSES, as chief decision maker for the Beauregard Parish Sheriff's Office, applied policies, practices, or customs and usages of (including but not limited to), subjecting people to unreasonable seizures of their property by sanctioning or allowing DEPUTY PROBST and other Deputies to use lethal force against pets unjustifiably:

  i. In particular, the Beauregard Parish Sheriff's Office "Procedures for Animal Control" explicitly provides for the use of firearms as a tool for "euthanization" of an animal using threatening behavior.

  ii. The misconduct by DEPUTY PROPST was not investigated.

  iii. Upon information and belief, this type of misconduct described herein has occurred at the hands of DEPUTY PROPST and SHERIFF MOSES on <u>numerous</u> occasions in the past.

  iv. Upon information and belief, DEPUTY PROPST has unjustifiably shot and killed multiple dogs during the course and scope of his employment with the Beauregard Parish Sheriff's Office.

c. The defendant, RICKY MOSES, is a policy maker for the Beauregard Parish Sheriff's

10

Office for the training and supervision of its deputies regarding the use of force, which was excessive in this case;

d. At all times relevant to this complaint, DEPUTY PROPST was acting under the direction and control of the policy maker for the Beauregard Parish Sheriff's Office, RICKY MOSES.

e. As a matter of both policy and practice, the Beauregard Parish Sheriff's Office and its chief decision maker, RICKY MOSES, directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

f. At all times relevant to this complaint, and acting under color of law and pursuant to his policy making authority for the Beauregard Parish Sheriff's department, RICKY MOSES, knowingly recklessly, maliciously, or with a deliberate indifference and in bad faith to the rights of citizens and callous disregard of Plaintiff's rights, failed to instruct, train, supervise, control and discipline on a continuing basis, Deputies of the Beauregard Parish Sheriff's Office, including DEPUTY PROPST, in their duties to refrain from the acts alleged in this complaint

g. The serious harm that occurred to Plaintiff was the obvious consequence of the official policy or custom of the defendant, RICKY MOSES, in connection with his deliberately indifferent failure to train and supervise the defendant DEPUTY PROPST and other deputies.

h. As a direct and proximate cause of the acts of RICKY MOSES, plaintiff suffered damages in connection with the deprivation of her constitutional rights guaranteed under the Fourth Amendment of the Constitution of the United States and protected by 42 U.S.C. Sec 1983.

50. As a result of the Defendant RICKY MOSES' unjust seizure and search, Plaintiff has suffered injury, as well as emotional distress.

### Count III Tresspass to Real and Personal Property- State Law Claim

51. Each of the preceding paragraphs is incorporated as if fully restated herein.

52. As described in the proceeding paragraphs, the Defendant, DEPUTY PROPST, shot plaintiff's dogs, Pyper and Akiya, causing death.

53. As described in the proceeding paragraphs, the defendant, DEPUTY PROPST, without permission or probable cause, entered onto the property and into the residence where Plaintiff resided with Gator, Bot, Akiya, Pyper and Pyper's puppies.

54. The actions of the defendant constituted and intentional and reckless unlawful interference with the personal property of the Plaintiff without lawful authority to do so.

55. The actions of the defendant constituted an intentional and reckless entry into the residence of Plaintiff without lawful authority to enter.

56. As a result of the trespass to real and personal property, Plaintiff suffered damages caused by the defendant's action.

### COUNT IV- State Law Claim
### Conversion

57. Each of the foregoing paragraphs is incorporated as if restated fully herein.

58. Plaintiff, JESSICA ROBINSON, was the lawful owner of Pyper and Akiya.

59. Defendant, DEPUTY PROPST, took possession and control of Pyper and Akiya by intentionally killing them. DEPUTY PROPST also took possession and control of Bot and Gator and Pyper's puppies by seizing them and removing them from plaintiff's residence thereby removing them from her possession and control, although all of the dogs were ultimately returned.

60. As a result, DEPUTY PROPST deprived plaintiff of his right to possession of Pyper and Akiya and interfered with her possession of Bot, Gator and Pyper's puppies.

### COUNT V- State Law Claim
### Respondeat Superior

61. Each of the foregoing paragraphs is incorporated as if restated fully herein.

62. In committing the acts alleged in the preceding paragraphs, DEPUTY PROPST was employed by SHERIFF MOSES and the Beauregard Parish Sheriff's Department and thereby acting as his and/or its agent.

63. In committing the acts alleged in the preceding paragraphs, DEPUTY PROPST was, at all times pertinent herein, in the course and scope of his employment as a deputy for SHERIFF MOSES and employ of the same and/or the Beauregard Parish Sheriff's Department.

64. Defendant, SHERIFF MOSES, is liable as principal for all acts/omissions committed by his agents and employees.

65. The actions of the individual defendants caused Plaintiff to suffer the damages outlined herein.

### COUNT VI State Law Claim
### Negligent Training And Supervision

66. Each of the foregoing paragraphs is incorporated as if restated fully herein.

67. Plaintiff alleges that SHERIFF MOSES failed to properly train and/or instruct and/or supervise his deputies/employees, including DEPUTY PROPST in handling animal encounters, specifically, in the use of non-lethal force where appropriate and in properly discerning between dogs that are dangerous and those that are not dangerous but simply behaving according to their

nature, and the appropriate times to use lethal force. This failure resulted in the subject incident, and many other prior incidents.

68. As a result of the aforementioned, Plaintiff has suffered emotional injuries and damages due to the loss of his pet and property.

## MISCELLANEOUS

69. Plaintiff shows that the incident described herein was solely caused by, either individually or in concert, by the actions/inaction and/or negligence of the defendants, SHERIFF MOSES and DEPUTY PROPST.

70. Plaintiff desires and prays for a jury trial on all issues

71. Defendants, SHERIFF MOSES and DEPUTY PROPST are liable unto plaintiff, JESSICA ROBINSON, for reasonable damages, together with legal interest thereon from date of judicial demand until paid, and for all reasonable costs associated with this litigation and proceedings.

72. Plaintiff is entitled to an award of compensatory damages against the individual Defendants, SHERIFF MOSES and DEPUTY PROPST in their individual capacities under 42 U.S.C.§ 1983.

73. Plaintiff is entitled to punitive damages against the individual defendants, SHERIFF MOSES and DEPUTY PROPST because their acts were reckless and showed callous indifference toward the rights of Plaintiff.

74. Under 42 U.S.C. § 1988 if Plaintiff is the prevailing party in this litigation, she will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, plaintiff prays that after all due proceedings had:

There be a judgment in favor of plaintiff, JESSICA ROBINSON, and against Defendants, SHERIFF RICKY MOSES and DEPUTY EDWARD PROPST for such sums as are reasonable in the premises, together with interest thereon at the legal rate from the date of judicial demand until paid, including as reasonable costs associated with this litigation and proceedings.

FURTHER PRAY for all other general and equitable relief in the premises.

Respectfully submitted,
/s/ Alyson Vamvoras Antoon
Alyson Vamvoras Antoon - # 34131
ANTOON LAW FIRM, LLC.
1111 Ryan St.
Lake Charles, LA 70601
Telephone: (337) 936-4365
Facsimile: (337) 433-1622
Alyson@antoonlawfirm.com
ATTORNEY FOR PLAINTIFF

Respectfully submitted,
/s/ Michael N. Antoon
Michael N. Antoon -33503
ANTOON LAW FIRM L.L.C.
1111 Ryan St.
Lake Charles, LA 70601
Telephone: (337) 564-6919
Facsimile: (337) 433-1622
mantoon@antoonlawfirm.com
ATTORNEY FOR PLAINTIFF
